IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, MARYLAND

KENNETH GREEN, III
26 E. PATRICK STREET, APT. 201
FREDERICK, MARYLAND 21701

    Plaintiff,

v.

CASE NO. 423766V

FOOT LOCKER STORES, INC
233 BROADWAY
NEW YORK, NEW YORK 10279

    SERVE: THE CORPORATION TRUST
             INCORPORATED
             351 WEST CAMDEN STREET
             BALTIMORE, MD 21201

**RECEIVED**

AUG 0 5 2016

Clerk of the Circuit Court
Montgomery County, Md.

    Defendant.

## COMPLAINT

Kenneth Green, III, Plaintiff, by and through his undersigned counsel hereby sues Foot Locker Stores, Inc. for violation of Montgomery County Code §27-19, Md. Code Ann [St. Gov.] §20-601, et seq., and the Americans With Disabilities Act, wrongful termination based on disability, and in support thereo, states as follows:

### PARTIES

1. Plaintiff, Kenneth Green, III, is an adult resident of the State of Maryland.

2. Defendant, Foot Locker Stores, Inc. is a Delaware Corporation in the business of selling athletic shoes and other athletic gear through its retail stores located primarily in shopping malls, including in malls located in Montgomery County, Maryland.

3. The acts or omissions of defendants are the basis of this Complaint.

1

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action pursuant to Md. Code Ann., Cts. & Jud. Proc. § 4-401 and Md. Code Ann. [St. Gov't]§ 20-1013.

5.  Venue is proper in the Circuit Court for Montgomery County, Maryland because Defendant maintains regular places of business in Montgomery County and Plaintiff worked at one Defendant's such establishment at the time of the alleged discrimination.

## FACTS OF THE CASE

6.  I was employed by the Respondent as a Store Manager for the Foot Action store in the Lake Forest mall in Gaithersburg.

7.  Plaintiff was originally hired by Foot Locker in 2009 to work as a sales associate in the Foot Locker store in the Lake Forest Mall.

8.  Plaintiff consistently received outstanding performance reviews and made and exceeded all necessary sales goals.

9.  In 2013, Plaintiff was promoted to Assistant Manager of the Foot Locker store in the Francis Scott Key mall in Frederick, Maryland.

10. In May, 2015, Plaintiff was promoted to Manager of the Foot Action store in Lake Forest mall. Defendant Foot Locker also owns and operates Foot Action retail stores.

11. Shortly after that promotion, Plaintiff began having significant health issues, including stress, depression, anxiety, sleeplessness and loss of appetite.

12. Plaintiff attributed my health problems to the increased stress level associated with becoming a store Manager.

13. Plaintiff was working very long hours and was under constant pressure to improve sales.

14. In June, 2015, Plaintiff asked Sean Evans, the District Manager, if, based upon his deteriorating health, he could be reassigned to the Foot Locker store at the Francis Scott Key mall as a part time sales associate.

15. Mr. Evans agreed to Plaintiff's request for an accommodation and told him to communicate with Leon Springs, the manager of the Frederick store to be placed on the schedule as a part time sales associate.

16. Mr. Springs told Plaintiff that he was awaiting approval of the accommodation from Brian Brown, the district manager for Frederick.

17. Plaintiff never heard from anyone about approval of his request for accommodation and Plaintiff was never placed on the schedule for the Foot Locker store in Francis Scott Key mall or any other Foot Locker store.

18. At this point, Plaintiff has been constructively discharged.

19. Plaintiff was discharged for seeking an accommodation for a medical condition and/or has been discharged because he regarded as disabled, in violation of Montgomery County law and Maryland law.

20. Plaintiff filed his charge of Discrimination with the Equal Employment Opportunity Commission on or about October 20, 2015, Charge No. 531-2015-00126.

21. On or about April 19, 2016, EEOC transferred the file to the Maryland Commission on Civil Rights.

22. More than 180 days has passed since Plaintiff filed his initial claim and Plaintiff has provided notice to the Commission and all parties as required by the Code.

## COUNT I
## VIOLATION OF MONTGOMERY COUNTY CODE §27-1, et seq.

23. Defendant violated Montgomery County Code §27-19 when it terminated Plaintiff for seeking an accommodation for his disability.

24. Defendant has an affirmative obligation to accommodate Plaintiff's medical needs.

25. Defendant failed to accommodate Plaintiff.

26. Defendant terminated Plaintiff as a direct result of his request for an accommodation.

27. Plaintiff has suffered and will continue to suffer harm and damages a direct and proximate result of her unlawful termination from Defendant.

## COUNT II
## VIOLATION OF MD CODE ANN ST. Gov't.]§20-601, ET SEQ.

28. Defendant violated Maryland State Gov. Art. 20-601 when it terminated Plaintiff for seeking an accommodation for his disability.

29. Defendant has an affirmative obligation to accommodate Plaintiff's medical needs.

30. Defendant failed to accommodate Plaintiff.

31. Defendant terminated Plaintiff as a direct result of his request for an accommodation.

32. Plaintiff has suffered and will continue to suffer harm and damages a direct and proximate result of her unlawful termination from Defendant.

## COUNT III
## VIOLATION FO THE AMERICANS WTH DISABILITIES ACT

33. Defendant violated the Americans with Disabilities Act, when it terminated Plaintiff for seeking an accommodation for his disability.

34. Defendant has an affirmative obligation to accommodate Plaintiff's medical needs.

4

35. Defendant failed to accommodate Plaintiff.

36. Defendant terminated Plaintiff as a direct result of his request for an accommodation.

37. Plaintiff has suffered and will continue to suffer harm and damages a direct and proximate result of her unlawful termination from Defendant.

WHEREFORE, Plaintiffs respectfully requests that this Court:

A. Enter Judgment on Count I (Violation of Montgomery County Code County §27-1, et seq.) in favor of Plaintiff and against Defendant in an amount not less than $500,000.00 in Compensatory Damages and not less than $500,000.00 for punitive damages;

B. Enter Judgment on Count I (Violation of Md. Code Ann. [St. Gov.] §20-601 et seq.) in favor of Plaintiff and against Defendant in an amount not less than $500,000.00 in Compensatory Damages and not less than $500,000.00 for punitive damages;

C. Enter Judgment on Count III (Violation of the Americans with Disabilities Act) in favor of Plaintiff and against Defendant in an amount not less than $500,000.00 in Compensatory Damages and not less than $500,000.00 for punitive damages;

D. Award Plaintiff all his costs associated with this matter, including reasonable attorneys' fees;

E. Grant such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

Respectfully Submitted,

*[signature]*

Neil S. Hyman, Esquire
Law Office of Neil S. Hyman, LLC
7315 Wisconsin Ave, Suite 500W
Bethesda, Maryland 20814
(301) 841-7105 (p)
(301) 986-1301 (f)
neil@neilhymanlaw.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter.

*[signature]*

Neil S. Hyman, Esquire